IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID M. LANTING, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: |
| CONVERGYS CUSTOMER MANAGEMENT GROUP, INC., | ) |
| | ) JURY DEMAND |
| Defendant. | ) |

**COMPLAINT**

Plaintiff David M. Lanting, through counsel, states the following as his Complaint against Defendant Convergys Customer Management Group, Inc. ("Convergys"):

**Nature of Case**

1. This is a suit by Plaintiff, an employee, against his former employer for violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* and its subsequent amendments.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Parties**

4. Plaintiff is a resident of Lafayette, Tippecanoe County, Indiana. At all relevant times, Plaintiff was a resident of McMinnville, Warren County, Tennessee.

5. Plaintiff is disabled within the meaning of the ADA and was so disabled at all relevant times.

6. At all relevant times, Defendant, a wholly owned subsidiary of Convergys Corp., has been an Ohio corporation doing business in Clarksville, Montgomery County, Tennessee and has continuously had at least fifteen employees.

7. Defendant may be served through its registered agent in Tennessee: C T Corporation System, Suite 2021, 800 S. Gay St., Knoxville, Tennessee 37929-9710.

8. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce under 42 U.S.C. §§ 12111(5) and 12111(7).

9. At all relevant times, Defendant has been a covered entity under 42 U.S.C. § 12111(2).

## Administrative History

10. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination based upon disability. A Notice of Right to Sue (Conciliation Failure) was issued on May 3, 2013 and received by Plaintiff thereafter. A copy of said Right to Sue issued by the Equal Employment Opportunity Commission is attached hereto as Exhibit A.

11. This matter is filed within 90 days of the issuance of the Right to Sue and therefore is timely brought before this Court.

## Facts

12. Plaintiff began employment with Defendant on or around October 1, 2009 as a Customer Service and Problem Resolution Representative II. Plaintiff's position was a telecommuting position.

13. During the recruiting process and prior to his employment with Defendant, Plaintiff notified Defendant through its agents of his emotional disability and his corresponding inability to work in a position that included sales calls.

14. Defendant hired Plaintiff into a position that did not include sales calls.

15. Defendant received tax benefits for employing Plaintiff because he was a person with a disability.

16. On or about January 1, 2010, Defendant began assigning sales call duties to Plaintiff.

17. On or about January 15, 2010, Plaintiff reminded his Team Leader with Defendant of his disability and requested a reasonable accommodation because of his disability. Specifically, Plaintiff requested that he not be assigned sales call duties.

18. Defendant did not offer Plaintiff a reasonable accommodation in response to Plaintiff's January 15, 2010 request.

19. Subsequently in January 2010, Plaintiff communicated his request for a reasonable accommodation to his Team Leader's supervisor.

20. Defendant did not offer Plaintiff a reasonable accommodation in response to Plaintiff's January 2010 second request.

21. In or around May 2010, Plaintiff renewed his request for a reasonable accommodation with Defendant's Human Resources Department.

22. Defendant did not offer Plaintiff a reasonable accommodation in response to Plaintiff's May 2010 request.

23. In or around June 2010, Defendant moved Plaintiff into a call type position that involved an even greater number of sales calls than Plaintiff was previously assigned.

3

Case 3:13-cv-00750 Document 1 Filed 07/31/13 Page 3 of 6 PageID #: 3

24. Plaintiff provided Defendant with medical documentation regarding his disability. Defendant informed Plaintiff that this documentation was sufficient to establish Plaintiff's disability.

25. From June 2010 through July 2010, Plaintiff continued to inform multiple employees of Defendant in his chain of command of his disability, and Plaintiff continued to request a reasonable accommodation.

26. Despite these repeated requests through June and July of 2010, Defendant did not offer Plaintiff a reasonable accommodation.

27. Because of Defendant's failure to offer Plaintiff a reasonable accommodation, Plaintiff took a leave of absence under the Family and Medical Leave Act of 1993.

28. Because of Defendant's continued failure to offer Plaintiff a reasonable accommodation and its insistence that Plaintiff move into and work in a position that did not accommodate his disability, Plaintiff was constructively terminated from his employment on or about August 4, 2010.

29. At all relevant times, Defendant had positions available that did not involve sales calls and that would have accommodated Plaintiff's disability.

30. In fact, during the time that Plaintiff was requesting a reasonable accommodation, Defendant had and was soliciting applications for open job postings for positions such as the position into which Plaintiff was originally hired that did not involve sales calls.

## Cause of Action

31. Defendant engaged in unlawful employment practices by discriminating against Plaintiff in violation of the ADA in that it failed to reasonably accommodate Plaintiff's disability by relieving Plaintiff of sales call obligations.

32. The accommodation was not an undue hardship on Defendant.

33. Defendant's failure to accommodate caused Plaintiff's constructive termination.

34. The effect of Defendant's unlawful employment practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

35. Defendant's unlawful employment practices described in this Complaint were intentional.

36. Defendant's unlawful employment practices described in this Complaint were done with malice and with reckless indifference to the federally protected rights of Plaintiff.

## **Prayer for Relief**

Therefore, Plaintiff David M. Lanting prays for the following relief:

A. That service of process issue as to the Defendant as set forth in Rule 4 of the Federal Rules of Civil Procedure;

B. That a jury be empaneled to hear his suit;

C. That Plaintiff be awarded back pay with prejudgment interest;

D. That Plaintiff be awarded front pay;

E. That Plaintiff be awarded damages for future pecuniary loss;

F. That Plaintiff be awarded compensatory damages for emotional pain, suffering, inconvenience, and mental anguish;

G. That Plaintiff be awarded punitive damages for Defendant's intentional, malicious, and reckless conduct;

H. That Plaintiff be awarded attorneys' fees and costs; and

I. That the Court grant such further relief deemed necessary and proper.

Respectfully submitted,

BATSON NOLAN PLC

/s/Kathryn W. Olita
Kathryn W. Olita, BPR No. 023075
Erik Fuqua, BPR No. 029972
Attorneys for Plaintiff
121 South Third Street
Clarksville, TN 37040
(931) 647-1501
(931) 553-0153 (fax)
kwolita@batsonnolan.com
efuqua@batsonnolan.com