IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DAVID M. LANTING,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:13-cv-00750 |
| ) | |
| **CONVERGYS CUSTOMER** ) | Judge Haynes |
| **MANAGEMENT GROUP INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER OF CONVERGYS CUSTOMER MANAGEMENT GROUP INC. TO PLAINTIFF'S COMPLAINT

Defendant Convergys Customer Management Group Inc. ("Convergys" or "Defendant"), through its attorneys, answers the allegations of Plaintiff's Complaint as follows, denying any allegation not specifically admitted:

### FIRST DEFENSE

**(Responsive Answer)**

1. Defendant admits that Plaintiff purports to bring suit pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, but denies the existence of facts and circumstances justifying relief.

2. Paragraph 2 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest that this Court has subject matter jurisdiction over Plaintiff's federal law claims, but denies the existence of facts and circumstances justifying relief.

3. Paragraph 3 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest that venue is appropriate, but denies the existence of facts and circumstances justifying relief.

4. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies the allegations.

5. Defendant denies that allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination based upon disability and that a Notice of Right to Sue was issued on May 3, 2013. Defendant is without sufficient knowledge to either admit or deny when Plaintiff received the Notice of Right to Sue and therefore denies that allegation. Defendant further admits that a copy of the Notice of Right to Sue is attached to the Complaint, but denies any attempt by Plaintiff to characterize the same.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendant admits that Plaintiff was hired as a work at home Customer Service and Problem Resolution Representative on October 1, 2009 in the Home Agent Direct TV (DTV) project. Defendant denies any and all remaining allegations contained in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Defendant is without sufficient knowledge to either admit or deny the allegation that during the "recruiting process and prior to

2

Case 3:13-cv-00750   Document 9   Filed 09/30/13   Page 2 of 7 PageID #: 19

his employment with Defendant, Plaintiff notified Defendant through its agents of his emotional disability and his corresponding inability to work in a position that included sales calls" because Plaintiff does not identify the "agents" to whom he refers and therefore denies the allegation. Further answering, Defendant notes that the position Plaintiff was hired into contained a sales component.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge to either admit or deny the allegations that "on or about January 15, 2010, Plaintiff reminded his Team Leader with Defendant of his disability and requested a reasonable accommodation because of his disability" and that Plaintiff "requested that he not be assigned sales call duties" and therefore denies the allegations. Further answering, Defendant notes that in January 2010, Plaintiff had not provided Defendant with any documentation supporting the existence of a disability or need for an accommodation. Defendant further notes that Plaintiff was hired into a position that required sales calls, thus, sales were a component of Plaintiff's job duties throughout his employment.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore denies the allegations.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, Defendant admits that in June 2010, Plaintiff contacted Dick Hintz, Senior Manager, Employee Relations and requested a

"reasonable accommodation." Defendant denies any and all remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendant admits that in June 2010 Plaintiff was moved from DTV Billing and General Inquiries ("BGI") to DTV Advancing Customer Experience ("ACE"). Both positions were Customer Service positions with an upsell component. ACE had performance metrics that were more focused on the sales component. Defendant denies any and all remaining allegations contained in Paragraph 23 of the Complaint.

24. In response to Paragraph 24 of the Complaint, Defendant admits that in July 2010, Plaintiff provided it with documentation that purported to contain information regarding Plaintiff's alleged disability, but the documentation was insufficient to establish the Defendant had a disability or to establish what, if any, accommodation was reasonable to address Plaintiff's alleged disability. Defendant denies any and all remaining allegations contained in paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Defendant admits that Plaintiff raised his alleged disability with various individuals employed by Defendant and also raised the issue of the alleged need for an accommodation. However, Plaintiff failed to provide Defendant with adequate documentation of his alleged disability or need for accommodation. Defendant denies any and all remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff took a leave of absence but denies any and all remaining allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff purports to seek the relief alleged in the paragraph titled "Prayer for Relief" on page 5 of the Complaint, but denies the allegations contained therein and denies that Plaintiff is entitled to any relief, at law or in equity.

## AFFIRMATIVE AND OTHER DEFENSES[1]

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred to the extent that he has failed to satisfy and/or exhaust any and all administrative, jurisdictional, and/or procedural prerequisites to suit.

3. Plaintiff's claims must fail to the extent they are untimely and/or barred by the applicable filing deadlines or statutes of limitation.

4. Plaintiff's damages, if any, are barred to the extent that he has failed to mitigate his alleged damages.

5. Plaintiff's damages, if any, are limited to the extent there is after-acquired evidence.

6. Plaintiff's claims are barred by waiver, estoppel and/or laches.

---

[1] No defense in this Answer shall be deemed an affirmative defense unless failure to assert it would be deemed a waiver of the defense by Defendant.

7. Plaintiff's claims are barred by bankruptcy, if applicable.

8. Plaintiff's claim for punitive damages is barred by Defendant's good faith efforts to comply with the law.

9. Defendant reserves the right to add any affirmative defenses that are applicable as this case develops.

WHEREFORE, Defendant respectfully requests that this Court:

(a) dismiss Plaintiff's Complaint with prejudice;

(b) deny each demand and prayer for relief;

(c) award Defendant such other and further relief that the Court deems appropriate.

Respectfully submitted,

FROST BROWN TODD LLC


*s/* Mekesha H. Montgomery
Mekesha H. Montgomery (BPR No.025831)
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
(615) 251-5550
mmontgomery@fbtlaw.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via the Court's ECF system, this 30th day of September, 2013:

>Kathryn W. Olita
>Erik Fuqua
>BATSON NOLAN PLC
>121 South Third Street
>Clarksville, TN 37040
>kwolita@batsonnolan.com
>efuqua@batsonnolan.com

*s/* Mekesha H. Montgomery

NSHLibrary 1160264.0609461  332356v1